ROGERS, J.,
dissenting.
There are two ways of reading § 404 of the Lease. Interstate wins if § 4.04(a) and (b) are read as defining two different terms: “Gross Ticket Sales” and “Adjusted Gross Ticket Sales.” Regal wins if § 404(a) and (b) are instead read to provide two steps for defining a single term, “Gross Ticket Sales.” The contractual language is closer to the latter. Interstate’s version suffers from the lack of any indication in either § 404(a) or (b) that the parties are defining some term called “Adjusted Gross Ticket Sales.” When the word “adjusted” appears in § 404(a) to modify Gross Ticket Sales, it is not capitalized. And the heading of § 404(b), “Adjusted Gross Ticket Sales,” is simply not an operative part of the contract. See § 23.01(a) (“The captions ... appearing in this Lease are inserted only as a matter of convenience and in no way amplify, define, limit, construe, or describe the scope or intent of such Sections of this Lease nor in any way affect this Lease”). Regal’s interpretation, *371 on the other hand, is supported by the provision in § 404(b) that “Gross Ticket Sales” (not “Adjusted Gross Ticket Sales”) shall be “deemed” to be the adjusted amount in certain circumstances (circumstances that did occur in this case). That is, the parties intended to redefine “Gross Ticket Sales” in those circumstances. While substitution of the word “defined” for the word “deemed” would have made the conclusion incontrovertible, the language is nonetheless pretty close to that.
Finally, the Amendment, by its plain terms, incorporated all of § 4.04, not just § 4.04(a). Clearly, the parties could have drafted the Amendment to read “as defined in Section 4.04(a)(1) of the Lease.” Indeed, the plain language of Regal’s lease amendment in a companion case that this circuit recently decided incorporates only § 4.04(a)(1) and not all of § 4.04. Contrast Regal Cinemas, Inc. v. AVG Medina LLC, 199 Fed.Appx. 534, 536-37 (6th Cir. 2006). The parties in this case referred to § 4.04 and not to § 4.04(a) in particular. I would accordingly reverse.